IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGINALD GILES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A.No. 05-70-KAJ |
| | ) | |
| RICHARD KEARNEY, | ) | |
| | ) | |
| Respondent. | ) | |

**ANSWER**

Pursuant to the Rules Governing § 2254 Actions, 28 *U.S.C.* foll. § 2254, Respondent states the following in response to the petition for writ of habeas corpus:

On August 6, 2001, the Kent County grand jury indicted Reginald V. Giles on one count of trafficking in cocaine (5 to 50 grams) (16 *Del. C.* § 4753A(a)(2)(a)), one count of possession of a firearm during the commission of a felony (11 *Del. C.* § 1447A(a)), one count of possession with intent to distribute cocaine (16 *Del. C.* § 4751(a)), two counts of possession of a deadly weapon by a person prohibited (11 *Del. C.* § 1448),[1] one count of maintaining a vehicle for keeping controlled substances (16 *Del. C.* § 4755(a)(5)), one count of possession of cocaine (16 *Del. C.* § 4753),[2] and one count of possession of drug paraphernalia (16 *Del. C.* § 4771).  On July 17, 2002, following a jury trial, Giles was found guilty of the balance of the indictment.  On September 10, 2002, the Superior Court sentenced Giles to 7 years at level V, followed by decreasing levels of probation.

---

[1] These two weapons charges were severed in advance of trial, and after trial on the balance of the charges, the State voluntarily dismissed these counts of the indictment.
[2] This charge was dismissed during the course of trial.

Before trial, on October 18, 2001, Giles filed a motion to suppress statements that he made to police at the time of his arrest and the drugs and gun police found in his car. On November 26, 2001, the Superior Court held an evidentiary hearing on the motion to suppress. On May 31, 2002, the Superior Court, in a 16-page opinion, granted the motion to suppress as it pertained to Giles' pre-*Miranda* statements to Milford police, and denied the motion as it related to the gun and drugs that police found in his car. *State v. Giles*, 2002 WL 1316388 (Del. Super. Ct. 2002).

Giles timely appealed his conviction to the Delaware Supreme Court. On direct appeal, Giles raised the issue that the Superior Court erred in denying his motion to suppress the gun and drugs on the basis of a stop that lacked probable cause, and warrantless arrest. On April 24, 2003, the Delaware Supreme Court affirmed Giles' conviction finding the Superior Court's May 2002 order denying in part Giles' motion to suppress to be factually and legally correct. *Giles v. State*, 2003 WL 1965350 (Del. 2003). On June 9, 2003, Giles filed a Rule 61 motion for post-conviction relief in Superior Court, in which he repeated his points of error from his direct appeal, and further alleged that he received ineffective assistance of counsel as a result of his counsel's failure to move to suppress evidence obtained by a search warrant that described his car as a "Grand Prix," when, in fact, it was a "Grand Am." The Superior Court denied this Rule 61 motion on November 30, 2004. Giles appealed the Superior Court's denial of his Rule 61 motion to the Delaware Supreme Court and raised the same Fourth Amendment search and seizure issues, as well as his Sixth Amendment ineffective assistance of counsel claim tied into the motion to suppress the allegedly illegally seized evidence. On January 21, 2005, the Delaware Supreme Court affirmed the Superior

Court's denial of Giles' motion for post-conviction relief. *Giles v. State*, 2005 WL 27707 (Del. 2005).

Giles has now applied for federal habeas corpus relief. In his petition signed February 1, 2005, Giles presents the same claims for relief that he raised before the Delaware Supreme Court: that the evidence seized by police should have been suppressed, and that his counsel was ineffective for failing to succeed in having that same evidence suppressed. (D.I. 1 and 2). In support of his argument, Giles has broken down these two basic claims into four points of error. The first three of these (alleged unlawful arrest, alleged unlawful search and seizure, and alleged invalid warrant) are part and parcel of the Fourth Amendment claim that Giles raised on direct appeal. Giles has thus presented to the state supreme court in his direct appeal the first three claims that he makes in his federal habeas petition. As a result, Giles has exhausted state remedies as to those claims. *See Smith v. Digmon*, 434 U.S. 332 (1978).

While Giles has exhausted his state remedies as to these first three claims, federal habeas review of his Fourth Amendment claims is nonetheless barred by *Stone v. Powell*, 428 U.S. 465, 494 (1976). *Stone* precludes a federal habeas court from considering a claim that evidence introduced at trial was obtained as the result of an illegal arrest or search if the state courts have given the petitioner a full and fair opportunity to litigate the claim. *Id.* In determining whether a petitioner has had a full and fair opportunity to litigate his Fourth Amendment claim, the only question is whether the state makes available a mechanism for suppression of evidence seized in or tainted by an unlawful search or seizure. *See United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906 (3d Cir. 1977). In Delaware, that mechanism is created by Superior Court Criminal Rule 41.

*See Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994). Giles availed himself of that procedure in the Superior Court when he moved to suppress the evidence seized from his car (drugs and a gun) and the court held an evidentiary hearing. Furthermore, Giles pursued the issue on direct appeal of his conviction, and the Delaware Supreme Court considered, and rejected, his claim that the evidence seized from his car by Milford police was the result of an illegal search or arrest. Because Giles has not argued that a structural defect exists in Delaware's criminal process to consider search and seizure issues to prevent a full and fair litigation of his claim, he cannot overcome the *Stone* prohibition against relitigation of Fourth Amendment search and seizure issues in the context of federal habeas. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

In his fourth claim for relief in his petition for a writ of habeas corpus, Giles has alleged that his counsel provided ineffective assistance for failing to file a motion to suppress evidence because the search warrant listed the model of the car to be searched as a "Grand Am" instead of a "Grand Prix". (D.I. 1 and 2). Because Giles has alleged a violation of his Sixth Amendment rights, he has stated a claim cognizable in federal habeas, regardless of whether the underlying violation itself would state a viable claim for relief in a federal habeas petition. *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

Section 2254(b) requires that a state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 *U.S.C.* § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The

habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Further, a petitioner must have raised in the state courts the factual and legal premises of the claims presented in his petition. *Gibson v. Scheidmantel,* 805 F.2d 135, 138 (3d Cir. 1986). If the claim is fairly presented, then state remedies have been exhausted regardless of how the state court disposes of the claim. *Digmon*, 434 U.S. at 333. Here, Giles presented the issue of ineffective assistance to the Superior Court in a motion for post-conviction relief, and raised the same issue before the Delaware Supreme Court on appeal of the denial of his Rule 61 motion. Therefore, Giles has exhausted his state remedies as to this fourth issue. *See Digmon*, 434 U.S. 332.

      The Delaware Supreme Court's decision that Giles did not receive ineffective assistance of counsel amounted to a reasonable application of clearly established federal law for purposes of section 2254(d)(1). To prevail, Giles had to show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there was a reasonable probability that the outcome of the trial would have been different—the holding of the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Giles cannot satisfy this burden.

      Giles has specifically alleged that his attorney was ineffective for failing to challenge the discrepancy in the make of his car (Grand Prix vs. Grand Am) as alleged in the search warrant. Furthermore, according to Giles, if his counsel had challenged the warrant regarding this discrepancy, the evidence found as a result of the search of the vehicle would have been suppressed, and he would not have been convicted. (D.I. 2 at

6). The Delaware Supreme Court determined that Giles' ineffective assistance of counsel claim was without merit. In the Third Circuit's most recent application of *Strickland* to a claim of inadequate investigation by counsel, the court reiterated that the Sixth Amendment does not require trial counsel to take all steps that might have been pursued by the most resourceful defense attorneys with bountiful investigative support. *Rompilla v. Horn*, 355 F.3d 233, 258 (3d Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). "The Sixth Amendment is satisfied when 'counsel's conduct falls within a wide range of reasonable professional assistance,' thereby 'ensur[ing] that criminal defendants receive a fair trial.'" *Rompilla*, 355 F.3d at 259. The habeas petitioner raising a claim of ineffective assistance of counsel must establish a reasonable probability – one sufficient to undermine the reviewing court's confidence in the outcome – that the jury's verdict would have been different but for counsel's errors. *Duncan v. Morton*, 256 F.3d 189, 201 (3d Cir. 2001) (citing *Strickland*, 466 U.S. at 695). Giles' attorney did in fact file a motion to suppress, and succeeded in suppressing Giles' statements to police prior to being *Mirandized*. *Giles*, 2002 WL 1316388, *6. Furthermore, although Giles' defense counsel was not successful in convincing the Superior Court to suppress the gun and drugs, his attorney did attempt to have this evidence suppressed. *Id*. Giles' attorney's actions in filing a motion to suppress were eminently reasonable—the fact that such actions were not completely successful does not render her legal assistance ineffective. As the state courts reasoned, even assuming for the sake of argument that counsel's decision not to challenge the validity of the warrant on the basis of the discrepancy in the model of the car was not reasonable, Giles suffered no prejudice from this omission. *Giles*, 2005 WL 1316388, *5. Even if the search warrant had been found to be invalid,

the gun and drugs discovered were still admissible as a product of a lawful search incident to arrest. The state courts also determined that established law does not require a search warrant to be invalidated when it contains an error based upon innocent error. The state court cited *Steele v. United States*, 267 U.S. 498, 503 (1925), for the proposition that "It is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." The warrant in this case listed the correct color, make, owner, and temporary license plate tag. Giles himself acknowledges that it was his car. (D.I. 2 at 7). The police officer knew which car was to be searched, and typing "Am" instead of "Prix" in the warrant application is of no import. Had Giles' attorney pressed this issue in the motion to suppress, there can be no doubt that it would have failed under established law. Therefore, Giles suffered no prejudice. The Delaware Supreme Court reasonably applied *Strickland* in holding that Giles' counsel had not been ineffective because Giles suffered no prejudice from the decision not to raise the Grand Am/Grand Prix typographical error in the search warrant.

      The Delaware Supreme Court's determination as to Giles' ineffective assistance of counsel claim did not conflict with, or amount to, an unreasonable application of clearly established federal law. The state courts rejected Giles' claim on the grounds that he had established neither the first nor second prongs under *Strickland*. That result amounted to a reasonable application of *Strickland*. *Neal v. Acevedo*, 114 F.3d 803, 806 (8th Cir. 1997); *United States v. Mealy*, 851 F.2d 890, 908 (7th Cir. 1988); *Parson v. Galetka*, 57 F.Supp.2d 1151, 1175 (D. Utah 1999). *See Hill v. Lockhart*, 474 U.S.52, 60 (1986) (petitioner must affirmatively allege prejudice in petition); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998); *Buxton v. Collins*, 925 F.2d 816, 824 (5th Cir. 1991);

Case 1:05-cv-00070-KAJ    Document 9    Filed 04/22/2005    Page 8 of 9

*Mayberry v. Petsock*, 821 F.2d 179, 185, 186 (3d Cir. 1987) (specific allegations required as prerequisite for further proceedings).  As a result, Giles has failed to show that the decision of the state courts was an unreasonable application of Supreme Court precedent, and his claim of ineffective assistance must be rejected under 28 *U.S.C.* § 2254(d)(1).  Thus, Giles' fourth ground for habeas relief must be denied.

The transcripts of Giles' suppression hearing, trial, and sentencing hearings have been prepared.  In the event that the Court deems production of any of these transcripts necessary, Respondent anticipates that production of such transcript would require 90 days from the date of an order by this Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be denied without further proceedings.

          STATE OF DELAWARE
          DEPARTMENT OF JUSTICE

          /s/_____
          Gregory E. Smith, I.D. No. 3869
          Deputy Attorney General
          820 North French Street, 7th Floor
          Carvel State Building
          Wilmington, Delaware  19801
Dated: April 22, 2005          (302) 577-8398