IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGINALD GILES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-70-KAJ |
| | ) | |
| RICHARD KEARNEY, Warden, and | ) | |
| CARL C. DANBERG, Attorney General | ) | |
| of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM OPINION

---

Reginald Giles. *Pro se* Petitioner.

Gregory E. Smith. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

July 20, 2006
Wilmington, Delaware


JORDAN, District Judge

I.  NTRODUCTION

Petitioner Reginald Giles ("Giles") is incarcerated at the Sussex Correctional Center in Georgetown, Delaware. Giles filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons discussed, I will dismiss his petition. (D.I. 1.)

II. PROCEDURAL AND FACTUAL BACKGROUND

A grand jury charged Giles with various drug and weapons charges on August 6, 2001. Prior to trial, Giles moved the Delaware Superior Court to suppress statements he made to the police at the time of his arrest, as well as the drugs and gun that police found in his car. The Superior Court conducted an evidentiary hearing and granted the motion to suppress with respect to Giles's pre-*Miranda* statements to police. However, the Superior Court denied the motion as it related to the gun and drugs police found in his car. *State v. Giles*, 2002 WL 1316388 (Del. Super. Ct. May 31, 2002).

In July 2002, a Superior Court jury convicted Giles of trafficking in cocaine, possession with intent to deliver cocaine, maintaining a motor vehicle for keeping a controlled substance, possession of drug paraphernalia, and possession of a firearm during the commission of a felony. Giles was sentenced to a total of seven years incarceration at Level V, followed by decreasing levels of probation. *See Giles v. State*, 867 A.2d 901 (Table), 2005 WL 277707, at *1 (Del. Jan. 21, 2005). (D.I. 9.) On direct appeal, Giles presented several arguments to the Delaware Supreme Court that the Superior Court erred in denying his suppression motion. The Delaware Supreme Court

1

affirmed Giles's convictions and sentences after determining that the Superior Court's order was factually and legally correct. *Giles v. State*, 822 A.2d 396 (Table), 2003 WL 1965350 (Del. 2003).

In June 2003, Giles filed a motion for post-conviction relief pursuant to Delaware Superior Court Rule 61, in which he re-asserted the arguments raised on appeal. Giles also argued that trial counsel provided constitutionally ineffective assistance by failing to argue in the suppression motion that the warrant erroneously described his "Grand Prix" car as a "Grand Am." The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on appeal. *Giles*, 2005 WL 27707.

Giles filed the pending petition for federal habeas relief, and the State contends that the claims fail to warrant federal habeas relief. (D.I. 1; D.I. 9.)

## III.  GOVERNING LEGAL PRINCIPLES

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If a petitioner has presented a federal habeas claim to the state's highest state court, and that court adjudicated the claim on the merits, then federal habeas relief will only be warranted if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*,

2

250 F.3d 203, 210 (3d Cir. 2001). A claim has been adjudicated on the merits for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d Cir. 2004) (internal citations omitted), *rev'd on other grounds by Rompilla v. Beard*, 545 U.S. 374 (2005).

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct, a presumption that is only rebuttable by a demonstration of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). That presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## IV.  DISCUSSION

Giles asserts four claims for relief in his habeas petition: (1) his conviction was the result of evidence seized pursuant to an unlawful arrest; (2) his conviction was the result of evidence seized pursuant to an unconstitutional search and seizure because there was no probable cause for the search warrant; (3) the arrest and search warrants were invalid; and (4) counsel provided ineffective assistance by failing to argue that the arrest and search warrants were illegal.

### A.  Habeas review of claims one, two, and three is barred under *Stone v. Powell*

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), federal courts cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992) ("We have also held . . . that claims under *Mapp* [alleging evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review."). The "full and fair" hearing requirement is satisfied if the state courts provided the petitioner with a pre-trial suppression hearing and the Fourth Amendment claim was considered on appeal. *See United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906-07 (3d Cir. 1977). In the Third Circuit, a petitioner can avoid the *Stone* bar only by demonstrating that the state system contains a structural defect that prevented full and fair litigation of the Fourth Amendment claim; "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

Claims one, two, and three assert violations of the Fourth Amendment. The state court record demonstrates that Giles filed a pre-trial suppression motion in the Delaware Superior Court concerning the items seized from his car, and the Superior Court denied the motion after conducting an evidentiary hearing. Additionally, on direct appeal, the Delaware Supreme Court considered and rejected Giles's argument that the evidence seized from his car was the result of an illegal search or arrest. Giles does

4

not allege that a structural defect in Delaware's criminal system prevented the full and fair litigation of his Fourth Amendment claims. Based on the record, I conclude that the Delaware courts fully and fairly addressed Giles's Fourth Amendment claims. Accordingly, I will dismiss claims one, two, and three as barred by *Stone*.

### B. Claim four does not warrant relief under § 2254(d)(1)

In claim four, Giles alleges that trial counsel provided ineffective assistance by failing to file a motion to suppress the evidence on the basis that the search warrant listed the model of the car to be searched as a "Grand Am" rather than a "Grand Prix." The Superior Court denied the claim as meritless, and the Delaware Supreme Court affirmed that judgment. Consequently, pursuant to § 2254(d)(1), federal habeas relief will only be available if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.[1]

The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result

---

[1] The *Stone* bar does not apply to ineffective assistance of counsel claims premised on an attorney's failure to raise Fourth Amendment issues. *Kimmelman v. Morrison*, 477 U.S. 365 (1986).

5

would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. When, as here, the petitioner premises his ineffective assistance of counsel claims on his counsel's alleged failure to competently litigate Fourth Amendment issues, the petitioner demonstrates actual prejudice by proving "the Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman*, 477 U.S. at 375.

It is well-settled that a petitioner has the burden of proving the facts in support of his ineffective assistance claim. *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3d Cir. 1996); *Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991). The petitioner must make concrete allegations of actual prejudice, and substantiate them, or risk summary dismissal. *See Wells*, 941 F.2d at 259-260; *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

In Giles's case, the Delaware Supreme Court analyzed the ineffective assistance of counsel claim within the *Strickland* framework, and concluded that Giles failed to demonstrate the requisite prejudice. *Giles*, 2005 WL 277707, at *1. Consequently, the Delaware Supreme Court's denial of the claim was not contrary to *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

Furthermore, the Delaware Supreme Court's decision was not an unreasonable application of *Strickland*. In Giles's Rule 61 proceeding, the Superior Court analyzed Giles's claim under Delaware law and determined that the warrant was facially valid despite counsel's alleged failure to raise the issue of the Grand Prix/Grand Am description. The state court also identified the principle, articulated in the Supreme Court case *Steele v. United States*, 267 U.S. 498, 503 (1925), that "[i]t is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *State v. Giles*, IK01-07-0191 through 0193, 0195, 0198, Rep. & Rec. The Superior Court then opined:

> while the model of the car was erroneously listed as a Grand Am rather than a Grand Prix, the warrant contained other information sufficient to identify the vehicle to be searched. The warrant listed the correct color, make and owner of the vehicle and most significantly its unique registration number. In addition the police officer had personal knowledge of the vehicle to be searched. As a result, the facial validity of the warrant would stand and there would be no demonstrable prejudice to the defendant, failing the second prong of the *Strickland* test."

*Id*. at 13-14. On post-conviction appeal, the Delaware Supreme Court held that trial counsel did not provide ineffective assistance because Giles was not prejudiced by counsel's alleged failure to present the Grand Prix/Grand Am identification issue.

On federal habeas review, I am required to accept the Delaware state courts' conclusion that the warrant was facially valid under Delaware law. *See Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991). Moreover, because the warrant contained the correct make, color, and registration number of the car, and the police officer conducting the search had personal knowledge of the car, I conclude that the state courts reasonably determined that Giles was not prejudiced by his counsel's failure to

7

raise the Grand Am/Grand Prix identification issue during the suppression hearing. *Cf. Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998) (holding that an attorney does not provide constitutionally ineffective assistance for failing to raise meritless arguments). Accordingly, claim four does not warrant relief under § 2254(d)(1).

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Additionally, if a federal court denies a habeas claim on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

I conclude that Giles's habeas petition must be dismissed. Reasonable jurists would not find these conclusions debatable. Consequently, I decline to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, I conclude that Giles's § 2254 petition does not warrant federal habeas relief. I also find no basis for issuing a certificate of appealability. An appropriate order will follow.