

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

RECEIVED
AUG 2006
U.S.C.A. 3rd. CIR.

Case No. 05-07-KAJ

REGINALD V. GILES,

    Plaintiff - Appellee,

v.

RICHARD KEARNEY, WARDEN and
CARL C. DANBERG, ATTORNEY GENERAL
OF THE STATE OF DELAWARE,

    Defendant - Appellant.

Application for Certificate of Appealability

## NOTICE AND INSTRUCTIONS

Your application for a certificate of appealability will be evaluated by the court using these standards:

    **Certificate of Appealability.** There must be a substantial showing of the denial of a constitutional right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C. § 2253(c); <u>Lennox v. Evans</u>, 87 F.3d 431 (10th Cir. 1996).

    **FAILURE TO SET FORTH FACTS AND ARGUMENTS SHOWING THAT YOU MEET THE APPROPRIATE STANDARD WILL SUBJECT YOUR APPEAL TO DISMISSAL WITHOUT FURTHER NOTICE.**

You may use this form to furnish a statement of the case, the issues you intend to raise on appeal, and the reasons your appeal meets the applicable standards. The form is intended to guide you in meeting the above standards. If you need more space to answer, additional pages may be attached. The information you furnish, together with the full record of the proceedings in the district court, will be the basis for this court's decision. You should bear in mind that an appeal is not a retrial, but rather a **review** of the district court's judgment and record of proceedings.

## APPLICATION

**1. Statement of the Case.** (This should be a brief summary of the proceedings in the district court.) In the U.S. District Court for the State of Delaware, Giles asserted the following four claims: 1) his conviction was the result of evidence seized pursuant to an unlawful arrest; 2) his conviction was the result of evidence seized pursuant to an unconstitutional search and seizure; 3) the arrest and search warrants were not valid; and 4) counsel's assistance was ineffective by failing to argue several discrepancies found within the search and arrest warrants. Grounds 1,2,and 3 were barred under Stone v. Powell, 428 U.S. 465, 494 (1976). Claim 4 was dismissed under a misapplication of Strickland v. Washington, 466 U.S. 668 (1984).

**2. Issues to be Raised on Appeal.** (New issues raised for the first time on appeal generally will not be considered.)

See Memorandum

**3. Summary of Your Argument Showing that Your Appeal Meets the Standards Stated on Page 1.**

See Memorandum

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?** No.

**5. Did the district court incorrectly decide the facts? If so, what facts?** Yes.

The District Court, like the courts before assume the registration number & color of Giles' vehicle was correct and the only wrong information given was the make and model of the vehicle. Those assumptions have yet to be litigated in court through an evidentiary hearing. The tag number given by the arresting officer has eight digits. Tag numbers are only seven digits long. (See Memorandum for arrest warrant discrepancies in facts).

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?** Yes.

The arrest warrant states that Giles was pulled over at 1805 (6:05 PM) and was detained at 1810 (6:10 PM). Yet, the officer did not receive information that Giles was allegedly involved in criminal activity until 1930 (7:30 PM). The courts have not afforded GIles an opportunity to litigate this discrepancy in an evidentiary hearing, nor has the state addressed this issue in any of its memorandums or answering briefs.

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?** Yes.

(See Memorandum)

8. **What action do you want this court to take in your case?**
   Either grant habeas relief or hold evidentiary hearings in regards to the matters brought forth.

9. **Were you required to seek and exhaust administrative remedies prior to filing your claim in district court? If yes, what steps did you take to exhaust those remedies?** Yes.
   A Rule 61 Motion was filed in the Superior Court in and for Kent County
   An appeal to the 61 motion was filed

08/14/06
Date

[Signature]
Signature

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


REGINALD V. GILES
   Plaintiff-Apellee,


v.


RICHARD KEARNEY, WARDEN and
CARL C. DANBERG, ATTORNEY GENERAL
OF THE STATE OF DELAWARE,
   Defendant-Appellant.


MEMORANDUM IN SUPPORT OF
APPLICATION FOR CERTIFICATE OF APPEALABILITY


GROUND ONE:  ARREST WARRANT DISCREPANCY HAS YET TO BE ADDRESSED AND
               ADJUDICATED IN LOWER COURT PROCEEDINGS.

    According to the arrest warrant, Giles was detained at 1810 (6:10 PM). The arresting officer did not receive information about Giles until 1930 hrs. (7:30 PM), which is one hour and twenty minutes after Giles' detention.

    During trial deliberations, the jury asked for the reason behind Giles' detention and consequent arrest, which was never divulged during trial. The jury's questioning showed the jury's concern for the details surrounding Giles' initial detention as well as concern for the officer's reasoning behind the stop of Giles' vehicle.

    Before trial, Giles' attorney entered a Motion in Limine, barring all mention of search and arrest issues, as well as information regarding the confidential informant (CI), even though the arrest warrant clearly shows that Giles was detained an hour and twenty minutes prematurely. This fact is clearly an issue that needed to be questioned as evidenced by the questioning of the jury. Whereas it can not be clearly stated that further examination or litigation of

this issue would have changed the verdict of Giles' trial, it would have certainly lent credibility to Giles' defense. Counsel's lack of due diligence has crippled Giles' defense in not allowing for the pursuit of such an important discrepancy which could have swayed the jury, evidenced by their questioning the reasoning behind Giles' detention.

The State Courts have erroneously ignored this claim and have yet to allow Giles an opportunity to pursue a much warranted line of questioning through a proper evidentiary hearing. The assumption on behalf of the State Courts that the facts contained within the arrest warrant were made in error resulted in a decision that is contrary to clearly established federal law. Illinois v. Gates, 103 S.CT. 2317; Aguillar V. Texas, 84 S.CT. 1509; Beck v. Ohio, 85 S.CT. 223. The warrant was faxed at 2302 hrs. (11:02 PM)(See top left corner of affidavit). Giles was detained at 1810 hrs. (6:10 PM). The officer had enough time to proofread the warrant as did his superiors to check for and correct errors. No corrections were made. It is therefore warranted that the courts accept the affidavit as it was presented, otherwise the warrant process is useless. Gates, at 2317.

The State Court's assumptions resulted in decisions that were based on unreasonable determinations of the facts in light of the evidence (arrest warrant) presented during its proceedings. There was no evidence presented that even remotely suggested that the warrant's facts were stated in error. As stated earlier, the officer made no attempts to correct the warrant, despite the five hour review period between Giles' detention and the faxing of the warrant to the magistrate. Therefore, in order to adopt facts contrary to those presented within the arrest warrant without the benefit of an evidentiary hearing, the courts have taken sides with the state and relinquished its position as an impartial mediator within an adversarial system.

2

GROUND TWO:   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS WARRANT FURTHER PROCEEDINGS BECAUSE THE DISTRICT COURT'S DECISION WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS.

The arrest warrant clearly states that Giles was detained at 1810 hrs. (6:10 PM). The warrant also states that the officer did not receive information required to arrest Giles until 19:30 hrs. (7:30 PM), which is an hour and twenty minutes after Giles was detained. The officer made no attempts to make any corrections in the facts of the warrant. Therefore, the facts within the body of the warrant should have been accepted by the courts as they were submitted by the officer, unless the state presented evidence showing such information to be given in error. Gates at 2317; Beck at 223; Aguilar at 1509.

Defense counsel's lack of due diligence crippled Giles' defense. Counsel was obligated to pursue the reasoning behind Giles' being detained before the officer's receipt of information from the confidential informant (CI). Giles has yet to be given a chance to litigate this factual discrepancy. The state has failed to address this issue and the state courts have continuously overlooked this issue and have instead adopted the state's assumption of the facts surrounding Giles' initial detention. Therefore, in accordance with 28 U.S.C. § 2254 (d)(1),(2), an evidentiary hearing is needed or habeas relief is warranted.

The discrepancy within the search warrant regarding the model of Giles' vehicle (Grand Prix) and the model of the vehicle found in the warrant (Grand AM) warrants further proceedings.

The state has yet to be required to present evidence that proves Giles' Grand Prix was searched instead of a Grand AM. The state court identified the principle articulated in the Supreme Court case Steele v. U.S., 2677 U.S. 498

that "it is enough if the description is such that the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." The Superior Court opinioned:

> while the model of the car was erroneously listed as a Grand AM rather than a Grand Prix, the warrant contained other information sufficient to identify the vehicle to be searched. The warrant listed the correct color, make and owner of the vehicle and most significantly its unique registration number. In addition the police officer had personal knowledge of the vehicle to be searched. As a result, the facial validity of the warrant would stand and there would be no demonstrable prejudice to the defendant, failing the second prong of the Strickland test."

State v. Giles, IK01-07-0191 through 0193 at 13-14.

However, the state only presented an insurance card at trial, which would not display the registration number of Giles' Grand Prix. The registration number is listed on the warrant as XA444089, which is eight characters. A normal registration only contains seven. Giles was the owner of a Grand Prix not a Grand AM, so the warrant did not list the correct owner. The only accurate information given was the color, which can be proven by the insurance card that was presented at trial.

Furthermore, An officer's knowledge of the place to be searched cannot substitute for a lack of accurate information in the warrant. Some authorities hold that the warrant must be sufficient to enable any executing officer to locate and distinguish property, that the validity of the warrant cannot depend on the individualized supplimentary knowledge of a particular officer, that the fact that the officers executing the warrant knew certain facts will not supply an ommission in the warrant, and that the executing officer's independent knowledge cannot cure an erroneous description. The guiding principle of the description within a warrant has been said to be that there must be no uncertainty or obscurity. The description must point to a definitely ascertainable place so as to exclude all others, and must be such that an

4

officer could not be misled into searching the wrong premises. 79 C.J.S. § 186. Giles' Grand Prix was towed to a garage owned by the City of Milford after the officers had conducted several fruitless searches of the vehicle. At least two searches were conducted with the assistance of K-9s certified to detect narcotics. Nothing was found in Giles' Grand Prix. It was not until after Giles' Grand Prix was towed to the garage, which undoubtedly housed several other vehicles at the time , that the officer's search efforts were rewarded. Consequentially, that was also after the search warrant for a Grand Am was obtained.

Under the totality of circumstances surrounding the search, it seems more likely than not that the officer searched a green Grand Am instead of a Grand Prix. Inclimate weather outside of the vehicle should not have effected the K-9's ability to detect narchotics inside of the vehicle. Nothing was found in Giles' Grand Prix, even after several searches. It is unreasonable to accept the fact that Giles' vehicle was searched several times with the aid of K-9's, no drugs were found, the car was towed to a city owned garage, a warrant was obtained for a different model car, drugs were found, and the court's refuse to hold an evidentiary hearing because they believe the correct car was searched.  Clearly, the decisions of the lower courts were the result of unreasonable determinations of the facts contained within the warrants.

The arrest warrant proves there was no reason to pull Giles' vehicle to begin with, and certainly no reason for his detention and subsequent arrest, and the search warrant proves that even after the detention of Giles, drugs were found in a Grand Am and not a Grand Prix as he was driving. The decisions of the lower courts need to be further examined, and an evidentiary hearing is warranted.